1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   JORGE ABEL CORTEZ,                          CASE NO. 11-CV-2063-H-(MDD)

12                              Petitioner,      **ORDER DENYING PETITION**
                                                 **FOR WRIT OF HABEAS**
13          vs.                                  **CORPUS AND ADOPTING**
                                                 **REPORT AND**
14                                               **RECOMMENDATION OF**
     R. GROUNDS, Warden, et. al.,                **MAGISTRATE JUDGE AND**
15                                               **DENYING CERTIFICATE OF**
                              Respondent.        **APPEALABILITY**
16

17          Jorge Abel Cortez ("Petitioner"), a state prisoner proceeding pro se, filed a petition for

18   writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 7, 2011. (Doc. No. 1.)

19   Respondent filed an answer to the petition opposing relief on December 2, 2011.  (Doc. Nos.

20   7, 8.)   The magistrate judge filed a Report and Recommendation on August 14, 2012,

21   recommending that the petition be denied.  (Doc. No.11.)  Petitioner filed an objection to the

22   Report and Recommendation on September 6, 2012. (Doc. Nos. 14, 15.)

23                                       **Background**

24          Petitioner was arrested and charged with two counts of lewd and lascivious acts with

25   his 13 year old male cousin. (Resp. Lodgment No. 1.) The District Attorney offered Petitioner

26   a plea agreement of 12 years and 8 months while he was represented by a public defender.

27   (Resp. Lodgment No. 2, Vol 1 at 1-4.)  Petitioner was facing the possibility of life in prison

28

but he did not accept that plea agreement. (Id.)  Petitioner then hired Mr. Raphael Acosta, who discovered a Miranda violation that had allegedly occurred during Petitioner's interrogation. (Id. at 5-8, Resp. Lodgment No. 2, Vol. 4.)   Counsel also negotiated for a stipulated ten year sentence and the dismissal of six of the eight counts charged against Petitioner. (Id.)  On May 5, 2009, Petitioner, aided by a Spanish interpreter, pled guilty to both counts while represented by counsel. (Doc. No. 1, Ex. A, Resp. Lodgment No. 2, Vol. 2.)  At the change of plea hearing, the court asked Petitioner if he was aware of the legal effects of his plea, and found that his plea was knowing, intelligent, and voluntary. (Id.)

On August 7, 2009, Petitioner filed motion to withdraw his guilty plea and have the original charges reinstated. (Resp. Lodgment No. 1, at  30.)  After hearing testimony by both Petitioner and his counsel, the trial court held that for each count Petitioner had "pled guilty, waived his rights, and understood the nature of the offense," and thus denied Petitioner's motion to withdraw his guilty plea. (Resp. Lodgment No. 2, Vol. 4 at 56.)  The California Court of Appeal affirmed the trial court's judgment and his petition for review was denied by the California Supreme Court. (Resp. Lodgment No. 5; Resp Lodgment No. 8.)

On September 7, 2011, Petitioner filed this petition for habeas corpus. (Doc. No. 1.) Petitioner first argues that his guilty plea was not valid because it did not comport with constitutional standards. (Id.)  He also argues that he received ineffective assistance of counsel. (Id.)  Finally, he argues that his statements to the detective were obtained in violation of Miranda v. Arizona, 384 U.S. 436 (1996). (Id.)

**Discussion**

**I.     Standard of Review**

A federal court reviews an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court only on the ground that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the review of the petition in this case. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997); 28 U.S.C. 2254(d). Section 2254(d) bars a federal court from relitigating any claim "adjudicated on the merits"

in state court unless the result "was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1)-(2). "[R]eview under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, __ U.S. __, 131 S. Ct. 1388, 1398 (2011). AEDPA imposes a "'highly deferential standard for evaluating state-court rulings,'" requiring that "state court decisions be given the benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19, 24 (2002), (quoting Lindh, 521 U.S. at 333 n.7).

Under § 2254(d)(1), a decision is "contrary to" clearly established precedents if it "applies a rule that contradicts the governing law set forth in our cases," or if it "confronts a set of facts that are materially indistinguishable from" a Supreme Court decision but reaches a different result. Early v. Packer, 537 U.S. 3, 8 (2002). Under 2254(d)(2), a decision is "an unreasonable application of clearly established federal law" if the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Williams v. Taylor, 529 U.S. 362, 407-08. The decision must be more than just "incorrect or erroneous;" it "must [be] objectively unreasonable." Wiggins v. Smith, 539 U.S. 510, 520-21 (2003). The petitioner must show that "'there was no reasonable basis' for the state high court's decision." Harrington v. Richter, __ U.S. __, 131 S. Ct. 770, 784 (2011). If there is not clearly established federal law on an issue, a state court cannot be said to have unreasonably applied the law as to that issue. See Carey v. Musladin, 549 U.S. 70, 74 (2006); Holley v. Yarborough, 568 F.3d 1091, 1098 (9th Cir. 2009); Moses v. Payne, 555 F.3d 742, 753-754 (9th Cir. 2009). These standards are applied to "the last reasoned decision" by a state court on the merits of the federal constitutional claims raised by a state prisoner seeking relief from sentence. Campbell v. Rice, 408 F.3d 1166, 1170 (9th Cir. 2005).

**II.    Analysis**

    **A.    Validity of Guilty Plea**

Petitioner contends that his guilty plea is invalid because the state court failed to comply

1   with the constitutional requirements of <u>Boykin v. Alabama</u>, 395 U.S. 238 (1969), and <u>In re</u>

2   <u>Tahl</u>, 1 Cal. 3d 122 (1969), when it accepted his plea.  (Doc No. 1.)  He also erroneously

3   claims that he was deprived the assistance of an interpreter to translate for him when he pled

4   guilty, when the record reflects that he had an interpreter.  (<u>Id.</u>; Resp. Lodgment No. 2, Vol.

5   2, at 6.)

6       <u>Boykin</u> requires that a court ensure that a person pleading guilty does so voluntarily and

7   intelligently because a guilty plea waives several constitutional rights, such as the privilege

8   against self incrimination, the right to a jury trial, and the right to confront witnesses against

9   him.  <u>Boykin</u>, 395 U.S. at 243-244.  In California, the defendant must specifically address and

10  waive these rights in order for the guilty plea to be valid.  <u>Tahl</u>, 1 Cal. 3d at 132.

11      The California Court of Appeal concluded that the trial court complied with <u>Boykin</u> and

12  <u>Tahl</u> when it accepted Petitioner's guilty plea.  (Resp. Lodgment No. 5.)  This finding is

13  neither contrary to federal law nor is it an unreasonable application of federal law.  28 U.S.C.

14  § 2254(d)(1)-(2).  The trial court asked petitioner if he was pleading guilty voluntarily and if

15  he understood that by pleading guilty he was waiving his constitutional right to a jury trial, his

16  right to confront the witnesses against him, and his right against self-incrimination.  (Resp.

17  Lodgment No. 2, Vol. 2, at 6.)  Furthermore, the record also shows that a Spanish language

18  interpreter was assisting Petitioner at the hearing.  (<u>Id.</u> at 5.)  Since the record shows that the

19  Petitioner made a voluntary and intelligent plea, and that he understood that he was waiving

20  his constitutional rights, the California Court of Appeal's decision was an objectively

21  reasonable determination of clearly established federal law.

22      **B.      Ineffective Assistance of Counsel**

23      Petitioner claims that he was deprived of effective assistance of counsel because

24  counsel "failed to investigate [Petitioner's] entire case, failed to prepare for trial, and . . .

25  threatened and pressured . . . [Petitioner] into acceptance of the plea agreement."  (Doc No. 1.)

26  To prove that his counsel provided ineffective assistance, Petitioner must establish both

27  counsel's performance was unreasonably deficient and that the deficient performance

28  prejudiced the defense.  <u>Strickland v. Washington</u>, 466 U.S. 668, 689 (1984).   To establish

that counsel's performance was unreasonable, Petitioner must show that counsel's actions "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. In order for such an unreasonable performance to reach the level of unconstitutionality the attorney must have "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. To demonstrate prejudice, the petitioner must show that "but for counsel's unprofessional errors" there is a reasonable probability that "the result of the proceeding would have been different." Id. at 690. Judicial scrutiny on this issue is always "highly deferential," and "doubly so" when applied in connection with § 2254. Id.; Harrington, 131 S.Ct. at 788. On review of a court's denial of an ineffective counsel claim, this court must consider "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

The California Court of Appeal concluded that Petitioner had not met the burden to show that counsel's investigation of his case was objectively unreasonable, that counsel had not coerced the Petitioner into accepting the plea, and that counsel had no duty to be prepared for trial at the time Petitioner pled guilty. (Resp. Lodgment No. 5.) First, the record indicates that counsel reviewed the discovery provided by the prosecution and investigated issues that he felt were relevant to Petitioner's defense. (Resp. Lodgment No 2, Vol 4 pg 29-30.) Counsel concluded that a property dispute in Mexico was collateral and not relevant to Petitioner's defense. Counsel's determination was reasonable. See Strickland, 466 S. Ct. at 689 (discussing the importance of giving a defense attorney wide latitude to make tactical decisions).

Based on the record, the Court of Appeal's determination that Petitioner did not show that counsel's investigation and preparation failed to meet the Strickland standard was based on a reasonable argument. Harrington, 131 S. Ct. at 788.

The California Court of Appeal also concluded that Petitioner had not met his burden regarding voluntariness of his guilty plea. (Resp. Lodgment No. 5.) Petitioner claims that counsel used psychological intimidation in order to force Petitioner into accepting the plea

11CV2063

1  offer.  (Doc. No. 1.)  The trial court held an evidentiary hearing on this issue when Petitioner

2  brought a motion to withdraw his plea.  (Resp. Lodgment No. 2, Vol. 4.)  Counsel testified that

3  he did not force Petitioner to plead guilty.  (Id. at 33.)  The trial court judge noted that he asked

4  several times during the change of plea hearing if Petitioner had any questions and Petitioner

5  answered that he did not.  (Id. at 47.)  The judge did not observe any threatening behavior

6  during the hearing.  (Id. at 48.)  Based on this record, it was not unreasonable for the Court of

7  Appeal to decide that counsel did not coerce or otherwise force Petitioner to change his plea

8  to guilty.  Harrington, 131 S.Ct. at 788.

9  **C.  Miranda Violation**

10  Finally, Petitioner contends that the statements he made to police while being

11  interrogated should be "inadmissible as having been obtained in violation of the Fifth

12  Amendment Privilege against self-incrimination." (Doc No. 1.)  The California Court of

13  Appeal concluded that a Miranda violation had occurred, it did not affect Petitioner's

14  conviction because the prosecution did not use the incriminating statements against him.

15  (Lodgment No. 5.)

16  Under Miranda "the prosecution may not use statements, whether exculpatory or

17  inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the

18  use of procedural safeguards effective to secure the privilege against self-incrimination."

19  Miranda v. Arizona, 384 U.S. 436, 444 (1966).  Petitioner's counsel and the prosecutor agreed

20  that a violation occurred during Petitioner's interrogation.  (Resp. Lodgment No. 2, Vol. 4 at

21  26; 52.)  Petitioner pled guilty, so there was no trial or other proceeding in which the

22  inculpatory statements could be entered into evidence.  Since the inadmissible statements were

23  never used against Petitioner, his conviction was not obtained in violation of his Fifth

24  Amendment rights.  See, e.g. U.S. Ex. rel. Cybert v. Lane 612 F. Supp. 455, 463 (N.D. Ill.,

25  1984) (finding that there was no Fifth Amendment violation because the habeas petitioner's

26  alleged inadmissible statements were never used to his detriment since he pled guilty).

27  Additionally, the prosecution had other incriminating evidence, specifically statements made

28

1  by Petitioner to a parent of the victim during a controlled phone call.  (Resp. Lodgment No.

2  5.) Therefore, the California Court of Appeal's decision that Petitioner's Fifth Amendment

3  Rights were not violated is neither contrary to federal law nor an unreasonable application of

4  federal law.

5  **III.    Denial of Certificate of Appealability**

6      Under AEDPA, a state prisoner seeking to appeal a district court's denial of a habeas

7  petition must obtain a certificate of appealability from the district court judge or a circuit judge.

8  28 U.S.C. § 2253(c)(1)(A).   A court may issue a certificate of appealability only if the

9  applicant has made "a substantial showing of the denial of a constitutional right."  28 U.S.C.

10  § 2253(c)(2).  To satisfy this standard, the petitioner must show that "reasonable jurists would

11  find the district court's assessment of the constitutional claims debatable or wrong."  Slack v.

12  McDaniel, 529 U.S. 473, 484 (2000).  In the present case, the Court concludes that petitioner

13  has not made a substantial showing of the denial of a constitutional right.  Therefore the Court

14  denies Petitioner a certificate of appealability.

15                                  **Conclusion**

16      Petitioner has not established that the state court's determination "was contrary to, or

17  involved an unreasonable application of clearly established federal law, as determined by the

18  Supreme Court of the United States" or that it "was based on an unreasonable determination

19  of the facts in light of the evidence presented in the state court proceeding."  See 28 U.S.C. §

20  2254(d)(1), (2).   Accordingly, the Court adopts the Magistrate Judge's report and

21  recommendation and denies the petition for habeas corpus.  In addition, the Court denies

22  Petitioner a certificate of appealability.

23      **IT IS SO ORDERED.**

24  DATED: October 31, 2012

25                          MARILYN L. HUFF, District Judge
26                          UNITED STATES DISTRICT COURT

27

28